IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

ANDREW NGUYEN, M.D., an individual,
ANDREW NGUYEN, M.D., P.A.,
A Florida Professional Association, and
LINH NGUYEN,

                                               CASE NO. 1:04CV26MMP

        Plaintiff,

vs.

UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION, FLORIDA AGENCY
FOR HEALTH CARE ADMINISTRATION,
ROBERT B. YAKUBEC, individually,
DAVID P. TURNER, in his official capacity
as Sheriff of Gilchrist County, Florida,
KENNETH H. CARLISLE, individually, and
WILLIAM SCHAUER, individually,

        Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**UNITED STATES' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

      Plaintiffs, ANDREW NGUYEN, M.D., an individual, ANDREW NGUYEN, M.D., P.A.,

a Florida Professional Association, and, LINH NGUYEN, (Jointly "Plaintiffs"), by and through

their undersigned attorney, hereby submit this memorandum of law in opposition to the United

States' Motion to Dismiss Plaintiffs' Second Amended Complaint, Alternatively for Summary

Judgment.

**I.**
**INTRODUCTION**

      The above-styled cause is based upon the unlawful and unjustified arrest

of Dr. Andrew Nguyen, a family practitioner in rural Trenton and Newberry, Florida.  Dr.

Nguyen was arrested without any probable cause or even arguable probable cause.  He and his

corporation, Andrew Nguyen, M.D., P.A. moved for partial summary judgment as to the liability

portion of their claims against the United States under the Federal Tort Claims Act ("FTCA") for

false arrest/false imprisonment and malicious prosecution.

The United States responded by moving to dismiss or for summary judgment, arguing

this Court lacks subject matter jurisdiction over the action because DEA agent Robert Yakubec

("agent Yakubec") was not an "investigative or law enforcement officer" as defined by the

immunity waiver of the FTCA and, therefore, the United States is immune from Plaintiffs'

claims.  It also argues agent Yakubec was performing discretionary functions for which no

liability attaches.  The United States' arguments fail as a matter of law and its motion must be

denied.

## II.
## AGENT YAKUBEC IS AN INVESTIGATIVE OR LAW ENFORCEMENT OFFICER WITHIN THE MEANING OF THE FTCA BECAUSE HE HAD AUTHORITY TO SEIZE PROPERTY

According to the United States, it is not liable for agent Yakubec's tortious acts because

he was not an "investigative or law enforcement officer" as that term is defined in the immunity

waiver provisions of the FTCA.  *See* United States' Memorandum of Law and Fact in Support of

its Motion to Dismiss, Alternatively for Summary Judgment ("United States' MTD") at pp.2-10.

The FTCA defines "investigative or law enforcement officers" as those who are "empowered by

law to execute searches, seize evidence, or to make arrests . . . ."  28 U.S.C. § 2680(h).  In

various pleadings, the United States admitted agent Yakubec was a "DEA agent."  *See e.g.*,

Yakubec's Answer to First Amended Complaint at paras. 12, 14.  Pursuant to the United States

Code, a DEA agent is "empowered by law to execute searches, seize evidence and make arrests . . . [and] make seizures of property."  21 U.S.C. § 878(a).  Thus, pursuant to statutory law, agent Yakubec was an investigative or law enforcement officer and the United States is liable for his tortious conduct.

The United States now claims, however, that the statutory authority given DEA agents has been modified by the Code of Federal Regulations ("CFR").[1]  The United States contends agent Yakubec was a "diversion investigator" who had less authority than that granted by 21 U.S.C. § 878(a), citing an appendix to a section of the CFRs.  *See* United States' MTD at 7. However, even under the scope of duties contained in that appendix, diversion investigators still meet the definition of "investigative and law enforcement officers" under the FTCA.  The regulations specifically provide that diversion investigators are authorized to "seize property incident to compliance and registration inspections and investigations. . . ."  Section 3(b) of Appendix to Subpart R, 28 C.F.R. § 0.104.  Since investigative and law enforcement officers are defined as those who are empowered to seize evidence, agent Yakubec, as a diversion investigator, falls within FTCA's coverage.

Moreover, the functions agent Yakubec's undertook in Dr. Nguyen's investigation and arrest confirm he was acting as an investigative or law enforcement officer.  Agent Yakubec

---

[1]The first time the United States contended agent Yakubec was not an investigatory or law enforcement officer because he was merely a diversion investigator was in the pre-trial stipulation which was prepared well after discovery closed.  *Compare* Defendant Yakubec's Answer to Plaintiffs' First Amended Complaint *with* Joint Pretrial Stipulation at pp. 9-10.  The United States' adopted Yakubec's answer in defenses upon being substituted in the case.  *See* Defendant Robert B. Yakubec, Individually, and the United States Drug Enforcement Administration's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint at p.2

investigated Dr. Nguyen and used the services of a DEA confidential informant who wore a listening device; he conducted the informant's debriefings after her visits to Dr. Nguyen's office; deputy Carlisle says he took his directions during the investigation from agent Yakubec and that Yakubec took control of all the evidence including the recordings and taped statements of the confidential informant; and agent Yakubec met with the judge to secure the arrest warrant and was present during Dr. Nguyen's arrest.  _See_ Plaintiff's Motion for Partial Summary Judgment at paras. 13, 16, 19, 42 & 51 of the Material Undisputed Facts; admitted by the United States in its Statement of Uncontested Material Facts at p.1; Carlisle and Turner's Response to Plaintiffs' Motion for Partial Summary Judgment at pp.4-5.  These are the actions of an investigatory or law enforcement officer.

Case law confirms that DEA agents are "investigative or law enforcement officers" subject to suit under the FTCA.  _Alvarez-Machain v. U.S._, 331 F.3d 604, 640 (9th Cir. 2003) ("The DEA agents who orchestrated Alvarez's arrest are law enforcement officers as defined by the FTCA because they are 'empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law.'"), _rev'd on other grounds_, 124 S. Ct. 2379 (2004); _Harris v. City of Cleveland_, 190 F.R.D. 215, 220 (N.D. Ohio 1999) ("the United States is amenable to suit under the FTCA for the torts allegedly committed by the [DEA task force officers].")_, aff'd_, 7 Fed. Appx. 452 (6th Cir. 2001); _Krecioch v. U.S._, 2002 WL 31718627, *1 (N.D. Ill 2002) ("claims alleging false arrest and abuse of process by DEA agents acting as investigative or law enforcement officers are not exceptions provided by section 2680(h) and thus are actionable under the FTCA.").  The United States did not address these cases or attempt to distinguish them.  Instead, it cites inapposite cases dealing, not with DEA agents, but with

-4-

other types of federal employees such as security employees of a military exchange, marine guards, and parole officers. _See_ United States' Response at pp.8-9. Given the clear language of the statutes and regulations, along with relevant case law addressing DEA agents' status under the FTCA, the United States' argument that agent Yakubec was not an "investigative or law enforcement officer" under the FTCA fails as a matter of law.

In an effort to avoid application of the FTCA's immunity exception, the United States also argues agent Yakubec did not actually "seize" any of Plaintiffs' property – it claims agent Yakubec simply "accepted the voluntary surrender" of Dr. Nguyen's DEA certificate which allowed him to prescribe controlled substances. _See_ United States' MTD at p.9. First, whether agent Yakubec actually seized this certificate is legally irrelevant. For a federal agent to be considered an "investigative or law enforcement officer" under the FTCA, it is necessary only that he be "empowered" to seize evidence, not that he actually did seize evidence. _See_ 28 U.S.C. § 2860(h). The United States has already admitted agent Yakubec was empowered to seize property and accept the "surrender" of Dr. Nguyen's DEA certificate. _See_ United States' MTD at p.7, 15; Statement of Uncontested Material Facts of United States at para. 5.

In support of its argument that the United States is liable only if the torts arose out of the actual seizure of evidence, the United States cites _Pooler v. U.S._, 787 F.2d 868 (3rd Cir. 1986). _See_ United States' MTD at p.4. _Pooler_, however, does not represent the majority view. _See_ _Murphy v. U.S._, 121 F. Supp.2d 21, 24 (D. D.C. 2000) ("the majority of trial courts not bound by _Pooler_ have declined to follow the Third Circuit's interpretation."), _aff'd_, 64 Fed. Appx. 250 (D.C. Cir. 2003). Most courts hold that "section 2680(h)'s immunity exception does not require that the law enforcement officer be engaged in one of the enumerated acts at the time of the

alleged wrongdoing." <u>Id.</u>.  Instead, "the only requirements are that the act complained of constitute one of the enumerated intentional torts, [such as false arrest and imprisonment or malicious prosecution] and that the officer committing the act fit the definition of 'investigative or law enforcement officer.'" <u>Harris v. U.S.</u>, 677 F. Supp. 403, 405 (W.D. N.C. 1988).

Even if the <u>*Pooler*</u> view was controlling, agent Yakubec's seizure of Dr. Nguyen's DEA certificate as part of an arrest made without probable cause forms part of the basis for Plaintiffs' claims and damages. Contrary to the United States' contention otherwise, the seizure of that certificate was not *de minimus* simply because it was eventually returned.  Dr. Nguyen's certificate was not restored until August 2003 -- over five months after it was seized during his arrest.  <u>See</u> United States' MTD at p.9.  During that time Dr. Nguyen was unable to write prescriptions for controlled substances and he had to turn away many patients, some the day after his certificate was seized.   The impact of agent Yakubec's seizure of that certificate was immediate. As a direct result of the seizure of his DEA certificate Dr. Nguyen's ability to be a medical provider for insurance companies was revoked. For example, Humana Inc.'s revocation letter to Dr. Nguyen reads, "Due to the loss of your DEA certificate" . (See attached Exhibit 1). To this day no health care insurance company has reinstated Dr. Nguyen as their health care provider.

Moreover, the suggestion that Dr. Nguyen "voluntarily surrendered" his certificate, in the face of a raid of his office by armed state and federal officers who took him to jail, is strained at best.  A demand for the DEA certificate by armed officers is no less a seizure simply because Dr. Nguyen did not refuse to cooperate with that demand. <u>See *e.g.*</u>, <u>State v. Hall</u>, 537 So. 2d 171, 172 (Fla. 1st DCA 1989) (mere submission to apparent authority of law enforcement officer does not

render action voluntary in constitutional sense; evidence allegedly "surrendered" was properly suppressed); _U.S. v. Tovar-Rico,_ 61 F.3d 1529, 1535-36 (11th Cir. 1995) (defendant did not voluntarily consent to search of apartment where five officers loudly knocked at her door, announced their identity as police officers, requested permission to enter and upon defendant opening door, officers entered quickly with guns drawn and conducted protective sweep of apartment; opening door in response to show of official authority cannot be deemed voluntary consent to search).

Since the undisputed facts and legal authorities establish agent Yakubec was an investigative or law enforcement officer as defined by the FTCA, this court has subject matter jurisdiction over this claim and the United States is liable for agent Yakubec's tortious acts.  The United States' motion to dismiss or for summary judgment must be denied.

### III.
### THE UNITED STATES IS LIABLE FOR
### FALSE ARREST/FALSE IMPRISONMENT BY AGENT YAKUBEC

The United States contends Plaintiffs cannot establish false imprisonment/false arrest because Dr. Nguyen was arrested for probable cause under a warrant issued by a Florida court. _See_ United States' MTD at p.17.  This argument begs the question.  There was no probable cause for Dr. Nguyen's arrest because Defendants presented a false arrest affidavit.  Warrants are not valid where they are based on false arrest affidavits.  _See_ _U.S. v. Morris,_ 477 F.2d 657, 662 (5th Cir. 1973) ("when an affidavit contains inaccurate statements which materially affect its showing of probable cause, any warrant based upon it is rendered invalid."); _Pagan v. State,_ 830 So. 2d 792, 807 (Fla. 2002) (if omitted facts had been added to affidavit, it would defeat probable cause, or if the affidavit would fail to establish probable cause if the false facts are deleted, the warrant

must be voided), *cert. denied*, 539 U.S. 919 (2003).  Thus the arrest warrant signed by the court could not create probable cause where there was none nor does it insulate agent Yakubec's involvement in procuring the arrest warrant.  In short, the warrant is irrelevant to the question of whether agent Yakubec and the sheriff's department had probable cause to seek that warrant in the first place.

In a false arrest action, probable cause is an affirmative defense the defendant must prove.  *City of St. Petersburg v. Austrino*, 898 So. 2d 955, 958 (Fla. 2d DCA 2005).  For probable cause to exist, the facts and circumstances, based upon reasonably trustworthy information, must be such that "would cause a prudent person to believe" the suspect has committed a crime.  *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).  "Probable cause for an arrest exists when the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant in a person of reasonable caution the belief that an offense has been or is being committed." *United States v. Fortna*, 796 F.2d 724, 739 (5th Cir. 1986).

From a factual perspective, there is no dispute that the arrest affidavit was false and thus could not have provided probable cause for Dr. Nguyen's arrest.  The Statement of Uncontested Material Facts of Defendant United States and the parties' Joint Pretrial Stipulation agreed the following facts are undisputed:

| What sworn arrest affidavit said: | What true facts were: |
|---|---|
| Dr. Nguyen issued prescriptions to a confidential source for controlled substances without any type of physical examination or medical need. | The confidential source, Ms. Curtis, was a patient of Dr. Nguyen's since 1997.  Ms. Curtis was physically examined in Dr. Nguyen's office during the three controlled visits. |
| | The physical examinations were noted in Ms. Curtis' medical charts. |

-8-

| What sworn arrest affidavit said: | What true facts were: |
|---|---|
| | Ms. Curtis told agent Yakubec in her debriefings she was examined. |
| | No one obtained copies of Ms. Curtis' medical records before Dr. Nguyen's arrest 7 months after the last controlled visit. |
| | No medical doctor or pharmacist reviewed Ms. Curtis' medical records before preparing the arrest affidavit nor was any doctor or pharmacist consulted. |
| | Agent Yakubec has no knowledge as to the proper amount of prescriptions that are applicable to a particular medical need. |
| | Agent Yakubec did not know what other physical examination Dr. Nguyen was required to do before prescribing medicine to Ms. Curtis since 'he's not a doctor.' |

*See* Plaintiffs' Motion for Partial Summary Judgment at pp.5-18; United States' Memorandum of

Law and Fact in Support of its Opposition to Plaintiffs' Motion for Partial Summary Judgment at

pp.15-17; Statement of Uncontested Material Facts of Defendant United States at p.1; United

States' MTD at pp.15-17.

The United States refused to admit the following facts are undisputed, even though

Deputy Carlisle and Sheriff Turner did not dispute these facts.  Nonetheless, the United States

presented no evidence in contradiction :

| |
|---|
| The audio tapes from Ms. Curtis' visits disclose Dr. Nguyen asking Ms. Curtis questions about her medical condition and performing medical examinations. |
| Dr. Nguyen performed a routine and competent medical examination of Mrs. Curtis. |
| The medication prescribed to Ms. Curtis was "totally appropriate for a woman with Ms. Curtis' health problems." |
| Neither deputy Carlisle nor Sheriff Turner had any training in what constitutes an appropriate medical examination. |
| Deputy Carlisle had no idea what went on during Ms. Curtis' doctors visits. |

_See_ Plaintiffs' Motion for Partial Summary Judgment at pp.8-11, 18; Statement of Uncontested

Material Facts of Defendant United States at p.1; Defendants' Response to Plaintiffs' Motion for

Partial Summary Judgment (Defendants Turner and Carlisle) at pp. 3-6.

These undisputed and uncontroverted facts show the sworn arrest affidavit was false,

little to no investigation was done before submitting it, and facts readily available to agent

Yakubec and the sheriff's office during the seven months between Ms. Curtis' controlled office

visits and Dr. Nguyen's arrest would have revealed the falsity of the representations.  In

response, the United States contends agent Yakubec did not know about Ms. Curtis' medical

history or her history as a patient of Dr. Nguyen.  It claims no intentionally false statements were

made in the arrest affidavit and that "the Investigating officers believed that the CI was a reliable

and truthful informant."  See United States' MTD at p.17.  This alleged ignorance of the facts

lacks credibility but even if it is true, it is irrelevant.

Regardless of his subjective belief, agent Yakubec is still liable for false arrest/false

imprisonment because he refused to consider readily available facts that would have shown the

representations were in fact false.  Law enforcement officers must conduct reasonable

investigations and are not permitted to turn a blind eye to exculpatory information that is

available to them and instead support their actions on selected facts they choose to focus on.

_Kingsland v. City of Miami_, 382 F.3d 1220, 1228 (11th Cir.), _cert. denied_, 125 S. Ct. 80 (2004).

Likewise, officers cannot elect not to obtain easily discoverable facts.  _Id._ at 1229; _see also_

_Austrino_, 898 So. 2d at 959-60 (law enforcement officers required to conduct reasonable

investigations to establish probable cause; law enforcement officer cannot close eyes to facts that

would help clarify circumstances of an arrest).  Officers are not shielded from liability for false

arrests even if they believe the facts in their arrest affidavits are true.  _See_ _Malley v. Briggs_, 475

U.S. 335, 345 (1986) (officer not entitled to qualified immunity because he believes the facts

alleged in his arrest affidavit are true; no immunity if reasonably well-trained officer in his

position would have known that his affidavit failed to establish probable cause and he should not

have applied for warrant).

In this instance, no reasonable agent should send an informant into a doctor's office

wearing an audio monitor and then fail to actually listen to the tapes which revealed Dr. Nguyen

conducting a medical examination of Ms. Curtis.  No reasonable agent  should cause an arrest

affidavit to be signed saying no medical examination whatsoever was performed on Ms. Curtis

when her own debriefing statements to agent Yakubec confirmed her vital signs were taken

including weight, temperature, and blood pressure, that Dr. Nguyen listed to her heart, and asked

why she came to see him, asked if she was pregnant, and cautioned her not to return to the office

early.  _See_ Plaintiffs' Motion for Partial Summary Judgment at pp.5-8; Statement of Uncontested

Material Facts of Defendant United States at p.1.

Agent Yakubec's subjective belief in the information contained in the arrest warrant does

not change the fact that the representations in that affidavit were actually false; and their falsity

was evident from readily available information.  Given the undisputed and uncontroverted facts,

it is clear there was no probable cause for Dr. Nguyen's arrest.  Since the arrest affidavit was

false, the arrest warrant that was procured from that affidavit is invalid and presents no shield to

agent Yakubec's liability.  Therefore, Plaintiffs are entitled to partial summary judgment of

liability against the United States on their false arrest and false imprisonment claim and the

United States' motion to dismiss or for summary judgment must be denied.

**IV.**
**THE UNITED STATES IS LIABLE FOR MALICIOUS PROSECUTION**
**BY AGENT YAKUBEC**

If for some reason the Court finds the arrest warrant signed by the judge was facially

valid and, therefore, precludes a false arrest/false imprisonment claim, the foregoing facts

establish Plaintiffs' malicious prosecution claim against the United States.  The United States

argues this claim fails because Plaintiffs "cannot possibly" establish malice.  *See* United States'

MTD at p.17.  Yet the United States' entire foundation for this argument is based upon a case

that is no longer good law on the broad proposition for which it is cited.  The United States

claims Plaintiffs cannot rely on <u>legal</u> malice, or malice that is inferred from the lack of probable

cause, to establish malicious prosecution.  Instead it contends Plaintiffs must prove <u>actual</u>

malice.  *Id.* at pp.17-18.  In support of this argument, the United States claims:

> Plaintiff's blunt assurance that malice can be inferred from the absence of
> probable cause rather ignores the unique counter-presumption that defendant
> enjoys in these circumstances. The Plaintiff was arrested pursuant to a warrant.
> The issuance of an arrest warrant by a judge causes a [conclusive] presumption of
> probable cause which can only be overcome by proof of fraud or other improper
> means used in securing its issuance.  *Burns v. G.C.C. Beverages,* 469 So. 2d 806
> (1 DCA 1985).

*Id.* at p.18.  On review of the *Burns* opinion, however, the Florida Supreme Court specifically

rejected the application of this presumption unless the defendant had an opportunity to

participate in the probable cause determination.  *Burns v. GCC Beverages, Inc.,* 502 So. 2d 1217,

1219 (Fla. 1986); *see also Harris v. Boone*, 519 So. 2d 1065, 1067 (Fla. 1st DCA 1988) (citing

the supreme court's *Burns* decision, court stated "It is now well settled that a magistrate's

determination of probable cause to issue an arrest warrant is not a *conclusive* presumption of

probable cause, unless the probable cause determination was based upon an adversary hearing

-12-

and there was no evidence of fraud or other improper means in securing the warrant.").  In this instance, the arrest warrant was obtained *ex parte* and Dr. Nguyen did not participate in the probable cause determination.  As a result of the Florida Supreme Court's <u>*Burns*</u> decision, no conclusive presumption of probable cause arises.[2]

Given this lack of a "unique counter-presumption" of probable cause, the law remains that Plaintiff can establish the malice element of malicious prosecution by <u>legal</u> malice.  <u>*Alamo Rent-A-Car, Inc. v. Mancusi*</u>, 632 So. 2d 1352, 1357 (Fla. 1994) ("In an action for malicious prosecution it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause. . . .").  Where the facts relating to probable cause are undisputed, the court can decide the issue as a matter of law.  <u>*Id.*</u>  In this case, the undisputed facts reveal a complete lack of probable cause.  Agent Yakubec's malice is inferred from this missing probable cause, and thus Plaintiffs have established all of the elements of malicious prosecution. <u>*See*</u> <u>*Miami Herald Publishing Company, Division of Knight Ryder Newspapers, Inc. v. Ferre*</u>, 636 F. Supp. 970, 977 (S.D. Fla. 1985) (elements: defendants' caused or commenced criminal proceeding; bona fide termination in plaintiffs' favor; lack of probable cause; malice and damage).  Therefore partial summary judgment on liability on Plaintiffs' malicious prosecution claim should be entered in favor of Plaintiffs and against the

_____

[2]Not only was the rationale for which <u>*Burns*</u> is cited specifically rejected by the Florida Supreme Court, but contrary to the United States' claim it is not factually analogous either.  The defendant in <u>*Burns*</u> was not the government official responsible for arresting the plaintiff; it was a private corporate citizen whose employee reported an allegation of theft.  Because the defendant there did not actually arrest the plaintiff or request his arrest, it could not be liable for malicious prosecution.  <u>*Burns*</u>, 469 So. 2d at 807.  Here, of course, Plaintiffs are suing the United States for the actions of agent Yakubec, the DEA agent who actively procured Dr. Nguyen's arrest.  Thus, even if the <u>*Burns*</u> proposition the United States relies on was still good law (which it is not) the case is factually inapposite.

United States and the United States' motion to dismiss or for summary judgment must be denied.

## V.
### UNITED STATES' DISCRETIONARY FUNCTION DEFENSE FAILS AS A MATTER OF LAW BECAUSE AGENT YAKUBEC WAS NOT A PROSECUTOR AND HE HAD NO DISCRETION TO CAUSE DR. NGUYEN'S ARREST WITHOUT PROBABLE CAUSE

According to the United States, the discretionary function defense bars Plaintiffs' claims.

_See_ United States' MTD at p.11.  In support, the United States cites several cases addressing

prosecutorial immunity.  _Id._ at p.12-13 citing _Gray v. Bell,_ 712 F.2d 490 (D.C. Cir. 1983) (suit

against Attorney General and various Justice Department attorneys who participated in abortive

prosecution against plaintiff; prosecutors were entitled to absolute and qualified immunity);

_Smith v. U.S.,_ 375 F.2d 243, 248 (5th Cir. 1967) (court held 2680(a) exempts government from

liability for exercising discretion inherent in prosecutorial function of the Attorney General).

Agent Yakubec, of course, is not a prosecutor and did not prosecute Dr. Nguyen.  The law has

not clothed a DEA diversion investigator's decisions with the same type of immunity as that

granted to a prosecutor.  Thus these cases are inapplicable.

The United States also claims agent Yakubec "did not violate any of Plaintiff's

constitutional rights" and thus there is "no reason why the discretionary function defense should

not be found applicable here."  _See_ United States MTD at p.13.  To the contrary, Deputy Carlisle

prepared and signed an arrest affidavit that was based almost entirely on the information

provided to him by agent Yakubec.  Even if agent Yakubec disputes deputy Carlisle's reliance

on him, it is undisputed that agent Yakubec played a critical role in effectuating Dr. Nguyen's

arrest.  That arrest lacked probable cause.  An arrest not based on probable cause violates the

Fourth and Fourteenth Amendments of the United States Constitution.  _See_ U.S. Const. Amend.

IV (no warrants shall issue but on probable cause supported by oath or affirmation); XIV (no deprivation of life, liberty or property without due process).

Law enforcement officers do not have discretion to arrest individuals without probable cause. *Lester v. City of Tavares,* 603 So. 2d 18, 19 (Fla. 5th DCA 1992) ("a police officer does not have the discretionary authority to arrest a citizen whom the officer does not have probable cause to believe has committed an offense); *see also Dickinson v. Gonzales*, 839 So. 2d 709, 713 (Fla. 3d DCA 2003) (an arresting officer must have probable cause to make arrest; no sovereign immunity for false arrest); *Sego v. City of Fernandina Beach,* 771 So. 2d 1235, 1235 (Fla. 1st DCA 2000) (sovereign immunity does not preclude claim for false arrest).

Thus, the United States is liable for agent Yakubec's role in having Dr. Nguyen arrested without probable cause and the discretionary function defense is inapplicable.  *See Raz v. U.S.*, 343 F.3d 945, 948 (8th Cir. 2003) (FBI's surveillance activities fell outside FTCA discretionary function exception because conducted in violation of plaintiff's First and Fourth Amendment rights); *O'Ferrell v. U.S.*, 253 F.3d 1257, 1271 (11th Cir. 2001) (court suggested if plaintiff could prove FBI agent submitted false affidavit in order to obtain search warrant, FBI would not be immune by virtue of discretionary function exception); *Cline v. Union City, Iowa*, 182 F. Supp.2d, 791, 800 (S.D. Iowa 2001) (conducting an illegal arrest or prosecution without probable cause does not represent a choice based upon plausible policy considerations; court denied defendants' motion for summary judgment); *Morales v. U.S.*, 961 F.Supp. 633, 636 (S.D.N.Y. 1997) (discretionary function exception did not apply to DEA agent's decisions to arrest and prosecute; although decisions involved some element of discretion, they did not involve balancing of policy factors or considerations of public policy that discretionary function

-15-

is designed to protect;  "indeed to expand the exception to encompass any government act or decision that simply involved the exercise of discretion would entirely eviscerate, and contradict, the Government's waiver of sovereign immunity under the Federal Torts Claim Act.").

The United States did not discuss or attempt to distinguish the foregoing authorities. _See_ United States' MTD at pp.11-14.  In fact, the _Pooler_ opinion it relies on confirms that federal agents who violate constitutional rights in the course of an investigation are not shielded from liability because "federal officials do not possess discretion to commit such violations." _Pooler v. U.S._, 787 F.2d 868, 871 (3rd Cir. 1986).  There is no valid basis for the discretionary function defense in this case.  Therefore, as discussed above at sections III and IV _supra_, Plaintiffs are entitled to summary judgment in their favor and against the United States on their false arrest/false imprisonment claim or alternatively on their malicious prosecution claim.  The United States' motion to dismiss or for summary judgment must be denied.

## VI.
### PLAINTIFF IS NOT SEEKING TO HOLD THE UNITED STATES LIABLE FOR THE ACTIONS OF STATE ACTORS

The United States claims Plaintiffs are arguing, for the first time, that the state and county actors in this case were in effect federal agents or employees for whose actions the United States is liable.  See United States' MTD at p.10.  This is in incorrect.  Plaintiffs seek to hold the United States liable only for federal DEA agent Yakubec's actions.  The United States appears to have misconstrued a portion of Plaintiffs' argument as to why agent Yakubec is an investigative or law enforcement officer under the FTCA.  Plaintiffs argued that in some instances even non-federal employees can be considered federal agents for purposes of the FTCA, citing _Van Schaik_ and _Means_.  These cases were cited as examples to show that if non-

federal employees can be considered federal "investigatory or law enforcement officers" based on their involvement with federal agents, then surely a federal DEA agent is considered an investigatory or law enforcement officer under the act.  *See* Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment at pp.9-10.  Plaintiffs did not intend to argue that the United States is liable for anyone's actions other than its agent Yakubec.  Thus, the United States' argument contained in section II of its MTD (pp.10-11) is irrelevant and moot.

## VII.
## PLAINTIFFS ARE NOT SEEKING TO HOLD THE UNITED STATES LIABLE FOR FEDERAL CONSTITUTIONAL VIOLATIONS OR CONSPIRACY TO VIOLATE CIVIL RIGHTS

Plaintiffs' action against the United States is under the FTCA for the torts committed by its agent Yakubec.  They are not seeking judgment against the United States under 42 U.S.C. § 1983 or directly for violations of the United States Constitution, or for conspiracy to violate Plaintiffs' civil rights.  As a result, the arguments contained in sections IV and VII of the United States' MTD (pp.14 and 19-20) are inapplicable and moot.

## VIII.
## CONCLUSION

Under the undisputed material facts of this case, the United States is liable for agent Yakubec's outrageous unjustified actions which radically impacted both Dr. Nguyen's medical practice and his life.  The United States has no viable defenses based on the undisputed facts. Plaintiffs are entitled to summary judgment on the issue of liability as a matter of law and the United States' motion to dismiss or for summary judgment must be denied.

LAW OFFICE OF RUSH & GLASSMAN

 s/ Robert A. Rush
Robert A. Rush, Esquire
Fla. Bar No.: 0559512
726 Northeast First Street
Gainesville, FL 32601
Phone: (352) 373-7566
Fax: (352) 376-7760
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs'
Memorandum of Law in Opposition to United States' Motion to Dismiss or for Summary
Judgment was electronically  served  via CM/ECF this 15th day of July, 2005 to the
following:

Roy F. Blondeau, Jr.                         John W. Jolly, Jr., Esq.
Assistant U.S. Attorney                      Jolly, Peterson & Cherr, P.A.
111 N. Adams Street, 4th Fl.                 Post Office Box 37400
Tallahassee, FL 32301-1841                   Tallahassee, FL 32315
Attorney for DEA and Robert Yakubec          Attorney for Kenneth Carlisle
                                             and David Turner

     /s/   Robert A. Rush

-18-