IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ANDREW NGUYEN MD PA,
ANDREW NGUYEN,
LINH NGUYEN,

    Plaintiffs,

v.                                                              CASE NO. 1:04-cv-00026-MP-AK

UNITED STATES OF AMERICA  DRUG
ENFORCEMENT ADMINISTRATION,
FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,
DAVID P. TURNER, in his official capacity
as Sheriff of Gilchrist County, Florida,
KENNETH H. CARLISLE, individually,

    Defendants.
_____/

# **O R D E R**

This matter is before the Court on the following motions.

- Doc.82, Defendants' Motion for Partial Summary Judgment regarding Dr. Nguyen's Professional Association's standing to sue.

- Doc. 94, Plaintiffs filed a Stipulation for Voluntary Dismissal jointly with Defendant, Florida Agency for Health Care Administration ("FAHCA") pursuant to Rule 41(a) Federal Rules of Civil Procedure.

- Doc. 101, Plaintiffs filed a Motion for Partial Summary Judgment. All Defendants oppose that Motion. (Doc. 105, Doc. 112).

- Doc. 108, Defendant Turner's Notice of Suggestion of Death, pursuant to Rule 25(a)(2) of the Federal Rules of Civil Procedure, of Co-Defendant, Carlisle.

- Doc. 109, Defendant United States Drug Enforcement Administration's ("DEA"'s) Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(1)(6).

**BACKGROUND**

In March 2000, plaintiff Dr. Andrews Nguyen was arrested by Deputy Sheriff Kenneth Carlisle of the Gilchrist County Sheriff's Office under a state arrest warrant charging him with six felony counts of Delivery of a Controlled Substance 893.13(1)(a), Florida Statutes. (Pl's 2d amd cmp.¶ 13) . At the time of Dr. Nguyen's arrest, his DEA Certificate which allows him to prescribe controlled substances, was surrendered to Agent Yakubec of the DEA. (Plaintiff's Motion For Partial Summary Judgment, Material Uncontested Facts, # 51). The State Attorney's Office for the Eighth Judicial Circuit, in May, 2000, filed a *nolle prosequi* of the charges against Dr. Nguyen. (Pl's Ex. 14).

In February 2004, Plaintiffs brought an action pursuant to 42 U.S.C. §1983 and §1988, for violation of the U.S. Const. Amend. IV and XIV, §768.28, Florida Statutes, and for violation of Florida Const. Art. I, §§ 2, 9 and 12 in this Court. (Doc. 1). The thrust of Plaintiffs' allegations are state law violations of false imprisonment and false arrest, violations of Plaintiffs' civil rights, and malicious prosecution. Plaintiffs originally named multiple defendants, of whom only The United States Drug Enforcement Agency, Turner, Carlisle, and FAHCA remain in the suit.

### 1. Defendant Carlisle and Turner's Motion for Partial Summary Judgment Based on the Standing of the Professional Association

Andrew Nguyen, M.D., P.A. ("P.A.") was named as Plaintiff along with Dr. Nguyen in a civil complaint alleging violation of constitutional rights against the Defendants. The P.A. is a professional association created by Dr. Nguyen. Dr. Nguyen is the P.A.'s only member and only asset.

The Plaintiffs' filed a complaint alleging that Defendants falsely arrested and falsely imprisoned Andrew Nguyen, M.D. in violation of his constitutional rights under 42 U.S.C. § 1983.  The Complaint also alleges that the Defendants willfully, wantonly, oppressively and maliciously caused Andrew Nguyen, M.D. to be prosecuted.  The claim of the P.A. is that it suffered damages as a result of Defendants' actions against Dr. Nguyen.  Defendants David Turner and Kenneth Carlisle filed a motion for partial summary judgment alleging that the P.A. does not have standing to litigate § 1983 claims for false arrest or false imprisonment as well as malicious prosecution and that they are therefore entitled to a judgment as a matter of law against the P.A.  For the reasons given below, the Court disagrees with defendants and finds that the professional association has standing to sue in this case.

In White's Place, Inc. v. Glover, 222 F.3d 1327 (11th Cir. 2000), a case cited by both sides, the Eleventh Circuit described its view of how a corporation might obtain standing in a civil rights case:

> We have recognized, and logic dictates, that there are "two possible theories under which a corporation might bring a civil rights action: (1) to protect the rights of its members; or (2) to protect its own rights as a corporate institution."

(quoting Church of Scientology of California v. Cazares, 638 F.2d 1272, 1276 (5th Cir.1981)).

With regard to a suit to protect a corporation's own rights, the White panel held that a corporation can obtain standing to sue on its own behalf if "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed in a favorable decision." Id. at 1329 (quoting from Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC) Inc., 528 U.S.

*Page 4 of 11*

167 (2000)).

Using that test, the Court finds that the P.A. in the instant case has standing to bring a suit on its own behalf for losses it directly suffered based on civil rights violations suffered by Dr. Nguyen. It is not disputed that Dr. Nguyen was the P.A.'s only member and its only asset. He was the only person that generated revenue for the association. When he was falsely arrested by the Defendants, as the P.A. alleges, the P.A. itself suffered a real and concrete financial loss. This loss can be alleviated by an award of damages. Thus, the injury to the P.A. is concrete, particularized, not hypothetical, can be traced to the alleged action of the defendants, and could be redressed if the P.A. received a favorable verdict. Therefore, the P.A. has traditional standing to protect its own interests.

The defendants make much of the fact that the panel in the White case itself found no standing for the corporation. The facts of White, however, are distinguishable from the instant case. In White, several employees of a nude dancing establishment, who were demonstrating outside the establishment to protest an adverse state court ruling affecting the ability of the employees to dance nude, had a run-in with police which resulted in no arrests. The nightclub, in part of a larger suit challenging various aspects of Jacksonville's nude dancing policies, requested declaratory relief on whether a certain Jacksonville ordinance which did not specifically deal with nude dancing was over broad. That is, the nightclub claimed that Jacksonville, Fl.Code § 601.06, prohibiting opposition to a police officer, was over broad and void for vagueness. Section 601.06 provides that it is a misdemeanor "for any person to resist or oppose a police officer ⋯ in the discharge of his duties under the laws of the City." Id.

The Eleventh Circuit held that the nightclub, a corporation, did not have standing to

facially challenge the ordinance.  The panel first noted that opposing police officers was hardly likely to be "the normal conduct of the corporation's affairs" and that any consequences of the arrest of the dancers would be personal to the dancers, and that any effect on the corporation would be "hypothetical" and "too speculative."  In the instant case, however, Dr. Nguyen has shown that he is the primary asset of the professional association.  Thus, an arrest was likely to interfere with the rendering of medical care, which is the normal conduct of the professional association's affairs.  If Dr. Nguyen could not perform medical services, the income stream of the professional association would be shut off.  As a result, the professional association would itself be harmed by the violation of Dr. Nguyen's civil rights.   Therefore, the instant case differs from the White case in that the potential harm to the professional association is not hypothetical or speculative.

    In this way, the instant case is closer to Johnson, D.O. v. Hospital Corporation of America, 95 F.3d 383 (5th Cir. 1996).  In Johnson, two physicians had their admitting privileges at a certain hospital revoked and sued the hospital and hospital representatives.  After the physicians joined their professional associations as parties in the case, the district court dismissed the claims of the professional associations for lack of standing.  The Fifth Circuit reversed.  The appellate panel determined that the professional association had standing to sue based on actions taken against its doctors. The panel focused on the fact that the doctors generated "all of the revenues" of the association and that the doctors were "the primary assets of that association."  Id. at 390.  Consequently, the professional association was injured and that injury could be redressed by an award of damages, thus providing the requisites for the association's standing.  Id.

For the above reasons, the motion for partial summary judgment (doc. 82) is denied.

## 2. Stipulation for Voluntary Dismissal of FAHCA (Doc. 94)

Plaintiffs filed a Stipulation for Voluntary Dismissal of FAHCA (Doc. 94) on June 1, 2005, pursuant to Rule 41(a)(1) Federal Rules of Civil Procedure. They were joined in the motion by Defendant FAHCA. The Stipulation was signed by Plaintiffs' attorney as well as FAHCA's attorney.[1] Rule 41(a)(1), however, states that such a stipulation must be "signed by *all* parties who have appeared in the action." Fed. R. Civ. Proc. 41(a)(1)(ii)(emphasis added); See also Negron v. Miami Beach, 113 F.3d 1563, 1571 (11th Cir. 1997)("The rule is clearly stated: a voluntary dismissal by stipulation is applicable only if *all* the parties sign off on it."). Since the Stipulation in the instant case was not signed by all parties, dismissal under Rule 41(a)(1) would not be proper. Rule 41(a)(2), however, allows dismissal by order of the court "upon such terms and conditions as the court deems proper." This Court sees no unfair result of dismissing FAHCA without the signatures of the other defendants in this action. Thus, it is within this Court's discretion to dismiss FAHCA from the Second Amended Complaint. The Clerk is therefore directed to dismiss FAHCA as a party to this case.

## Notice of Suggestion of Death (doc. 108)

Next, this Court will address the Notice of Suggestion of Death filed by defendant Turner. (Doc. 108). Turner, in his official capacity as Gilchrist County Sheriff, informed the Court on July 1, 2005 that co-defendant Carlisle, a deputy sheriff for Gilchrist County, died on May 26, 2005. Federal Rule of Civil Procedure 25(d) generally governs the treatment of the

---

[1] Under FAHCA attorney Mitchell Feldman's signature on the Stipulation are the words "Attorney for Plaintiffs." However, this is clearly a simple typo and should read "Attorney for FAHCA."

death of a public officer. But in the "relatively infrequent actions which are directed to securing money judgments against the named officers enforceable against their personal assets...Rule 25(a)(1), not Rule 25(d), applies to the question of substitution." Fed. R. Civ. Proc. advisory committee's note.

Before Rule 25(a)(1) can operate, the first determination must be whether the claim is extinguished by the death of the party. See Fed. R. Civ. Proc. 25(a)(1)(stating "if a party dies *and the claim is not thereby extinguished*")(emphasis added). Plaintiffs alleged violations by Carlisle under both federal and Florida state laws. (Doc. 66 at 7-10, 12-16). Absent specific treatment of the survival issue in the applicable federal laws, state law should be applied if it is "not inconsistent with the Constitution and the laws of the United States." 42 U.S.C. § 1988; Robertson v. Wegman, 436 U.S. 584, 588 (1978). Under Florida law, "[n]o cause of action dies with the person." Fla. Stat. § 46.021. Therefore, the claims are not extinguished by Carlisle's death and Rule 25(a)(1) applies to substitution in the instant case. Under the rule, if no motion for substitution is filed within ninety days after death is suggested upon the record, then the action against the deceased party should be dismissed. Fed. R. Civ. Proc. 25(a)(1). Therefore, if the parties wish to substitute a party for defendant Carlisle, they shall file a motion for substitution within ninety days of the Notice of Suggestion of Death or the action will be dismissed as to Carlisle.

### DEA's Motion to Dismiss (doc. 109)

Before making a determination on the Motion to Dismiss, the Court must first be able to review and understand the allegations in any Plaintiffs' complaint. Additionally, "a court ordinarily should not dismiss [a] complaint except after affording every opportunity (for) the

plaintiff to state a claim upon which relief (can) be granted." With these principles in mind, the Court is concerned with certain changes that occurred in the claims of the plaintiffs when the Second Amended Complaint was filed.

It appears that plaintiffs may have dropped certain claims unintentionally due to the substitution of the United States under the FTCA. That is, Plaintiffs' original complaint contained general allegations directly against the DEA for supervisory and disciplinary failures (Doc. 1 at #32-35) as well as allegations against Yakubec as an individual (Doc. 1 at #13, 15, 17, 20). Count 4 of the original complaint is against "The DEA" for civil rights violations and again generally alleges poor supervision and training. (Doc. 1 at 10-11). Count 6 alleges civil rights violations by Yakubec as an individual and deals generally with the agent's "unlawful and malicious actions." (Doc. 1 at 13-14). Count 10 alleges malicious prosecution against both the DEA and Yakubec, among others. (Doc. 1 at 17-18). Also, the allegations in Count 1 were incorporated by reference in all of the following Counts, in violation of Rule 10(b) of the Federal Rules of Civil Procedure.

Pursuant to the Federal Tort Claims Act, however, Plaintiff filed a Second Amended Complaint, in which the United States was substituted for agent Yakubec (Doc. 66 at #7) by operation of law pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346; 28 U.S.C. § 2679(d). Plaintiffs' Second Amended Complaint contains general allegations against the United States "by and through the actions of Yakubec" (Doc. 66 at #12, 14, 16, 19) for various actions by Yakubec and also subsequent general allegations against the United States "by and through the DEA" essentially for supervision and training failures (Doc. 66 at #31-44). The Counts enumerated throughout the complaint refer at times just to "the United States," at times to "the

United States by and through the DEA," or even just to "Defendant" in Counts naming more than one defendant. Plaintiffs, however, never refer to "the United States by and through *the actions of Yakubec,*" in the Counts. Also, once again Plaintiffs incorporated by reference the allegations in Count 1 in all the subsequent counts in violation of Rule 10(b). Fed. R. Civ. Proc.

The result after reading the Second Amended Complaint is that it appears the Counts raised against the United States are only for its role in not properly supervising, training, or taking corrective action, but not "by and through" any of Yakubec's acts or omissions. This Court does not believe that was the intention of Plaintiffs. Pursuant to 28 U.S.C. § 2679(d) the United States must be "substituted as the party defendant" for the "defendant employee." Plaintiffs intended this substitution to happen in their Second Amended Complaint. (Doc. 66 at #7). The Complaint is unclear, however, exactly where in their enumerated Counts they have substituted the United States for Yakubec, the former defendant employee. Plaintiffs come close when they refer to "the United States by and through the actions of the DEA," but not close enough to allow the Court or the opposing side to clearly understand the nature of plaintiffs' claims.

This deficiency underlies much of the United States' motion to dismiss Plaintiffs' Second Amended Complaint both for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. 109). For example, the United States moved to dismiss in part because it believes it is shielded by the discretionary function exception to the FTCA. (Doc. 110 at 11-14). But with the current state of Plaintiffs' Second Amended Complaint, it is unclear which actions or omissions by a government employee they are specifically alleging in their Complaint. It is

impossible to determine whether the exception applies because if the Court does not know what "acts" are being alleged it cannot determine if they are acts of discretion.

As stated above, however, when considering a motion to dismiss "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley, at 47. Also, "a court ordinarily should not dismiss [a] complaint except after affording every opportunity (for) the plaintiff to state a claim upon which relief (can) be granted." Byrd, at 482. Even as Plaintiffs' Second Amended Complaint is currently written, it does not "appear[] to be a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations." Supra   Therefore, the Court declines to dismiss the complaint at this time without giving Plaintiffs a final opportunity to amend their Complaint. Id.  Accordingly, Plaintiffs must file a third amended complaint in order to enable the Court to make a proper decision on the merits.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED**

1. Florida Agency for Health Care Administration is dismissed as a defendant.

2. The Parties have ninety days from the date of this order to file a motion for substitution as to defendant Carlisle pursuant to Rule 25(a)(1).  If none is filed within those ninety days, the action shall be dismissed as to defendant Carlisle. The Clerk is directed to notify the Court in 90 days if no such order has been filed.

3. The United States' Motion to Dismiss (doc. 109) is denied, but Plaintiffs are directed to file a third amended complaint, by Thursday, September 15, 2005, which clearly indicates plaintiffs' allegations of which defendant or defendants are

      liable under each count for which actions against which plaintiffs.  Also, the third amended complaint must not violate Rule 10(b) by incorporating by reference prior counts.

4.     Doc. 82, Defendants' Motion for Partial Summary Judgment regarding Dr. Nguyen's Professional Association's standing to sue, is denied.

5.     Doc. 101, the plaintiffs' motion for summary judgment, is denied as moot because of the need to file a third amended complaint.

**DONE AND ORDERED** this  *1st*  day of September, 2005

                *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge