IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW NGUYEN, M.D., an individual,
ANDREW NGUYEN, M.D., P. A.,
A Florida Professional Association, and
LINH NGUYEN

     Plaintiffs,

         vs.                            CASE NO. 1:04CV26-MMP

UNITED STATES OF AMERICA, FLORIDA
DAVID P. TURNER, individually and in his
official capacity as Sheriff of Gilchrist County, Florida,
and KENNETH H. CARLISLE, individually.

     Defendants.
_____/

ANSWER OF DEFENDANT UNITED STATES OF AMERICA
TO PLAINTIFFS' THIRD AMENDED COMPLAINT

COMES NOW, THE UNITED STATES OF AMERICA,  Defendant herein,  represented by the undersigned Assistant United States Attorney, which for its Answer to Plaintiffs' Third Amended Complaint against it, avers:

CAUSE OF ACTION

1.      Paragraph 1 is a statement of Plaintiffs' cause of action and the Court's jurisdiction, to which an Answer is not required, but to the extent deemed  necessary, it is denied.

2.      Paragraph 2 is Plaintiffs' statement of the Court's jurisdiction, to which an Answer is not required, but to the extent deemed  necessary, it is denied.

3.      Paragraph 3 is a statement of Plaintiffs' cause of action and the Court's jurisdiction,

to which an Answer is not required, but to the extent deemed  necessary, it is denied.

4.      Paragraph 4 is admitted for jurisdictional purposed only.

## PARTIES

5.      Paragraph 5 is denied for lack of information sufficient to form a belief in the truth thereof.

6.      Paragraph 6 is denied for lack of information sufficient to form a belief in the truth thereof.

7.      Paragraph 7 is a statement of Plaintiffs' cause of action and states conclusions of law to which an answer is not required, but to the extent deemed necessary, it is denied, except it is admitted that the United States Attorney's office had previously filed a certification that Defendant ROBERT B.YAKUBEC was acting in the scope of his employment at the time of the incidents giving rise to this cause of action.

8.      Paragraph 8 is admitted insofar as DEA Diversion Investigator  officer  Robert Yakubec was  acting in the scope of his employment with DEA, however it is specifically denied that he was a "federal law enforcement officer" within the meaning of  28 U.S.C. 2680(h).

9.      Paragraph 9 is admitted.

10.     Paragraph 10 is admitted.

11.     Paragraph 11 is admitted.

## GENERAL ALLEGATIONS

12.     Paragraph 12 is denied.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

2

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     Paragraph 18 (a-d) are denied.

19.      Paragraph 19 is denied.

20.      Paragraph 20 is denied.

21.      Paragraph 21 is admitted.

22.      Paragraph 22 is admitted.

23.     Paragraph 23 is denied.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

26.     Paragraph 26 is denied.

27.     Paragraph 27 is denied.

28.     Paragraph 28 is denied.

29.      Paragraph 29 is denied.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is denied.

34.     Paragraph 34 is denied.

35.     Paragraph 35 is denied.

36.     Paragraph 36 is denied.

**COUNT I**
**STATE LAW CLAIM FOR FALSE ARREST**
**AND FALSE IMPRISONMENT AGAINST THE**
**GILCHRIST COUNTY SHERIFF AND THE UNITED STATES**

37.     Paragraph 37 incorporates prior allegations. Prior responses are

incorporated as well.

38.     Paragraph 38 is denied.

39.     Paragraph 39 (a-d) are denied.

40.     Paragraph 40 is denied.

41.     Paragraph 41 is denied.

42.     Paragraph 42 is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**BY THE GILCHRIST COUNTY SHERIFF**

45.     Paragraph 45 incorporates prior allegations.  Prior responses are

incorporated.

46.      Paragraph 46 is denied.

47.      Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is denied.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is denied.

## COUNT III
## <u>VIOLATION OF CIVIL RIGHTS BY THE UNITED STATES</u>

52.     Paragraph 52 incorporates prior allegations.  Prior responses are incorporated.

53.     Paragraph 53 is admitted, however it is specifically denied that Robert Yakubec was a DEA criminal investigative agent; it is asserted that he was at all pertinent times a DEA Drug Diversion Investigator.

54.     Paragraph 54 is Admitted.

55.     Paragraph 55 is Denied.

56.     Paragraph 56 is Denied.

57.     Paragraph 57 is Denied.

58.     Paragraph 58 is Denied.

59.     Paragraph 59 is Denied.

60.     Paragraph 60 is Denied.

## COUNT IV
## <u>VIOLATION OF CIVIL RIGHTS BY CARLISLE</u>

61.     Paragraph 61 incorporates prior allegations. Prior responses are incorporated.

62.     Paragraph 62 is Admitted.

63.     Paragraph 63 is Denied.

64.     Paragraph 64 is Denied.

65.     Paragraph 65 is Denied.

**COUNT V**
**CONSPIRACY TO VIOLATE CIVIL**
**RIGHTS BY UNITED STATES AND CARLISLE**

66.     Paragraph 66 incorporates prior allegations. Prior responses are

incorporated.

67.     Paragraph 67 (a-d) are denied.

68.     Paragraph 68 is Denied.

69.     Paragraph 69 is Denied

70.     Paragraph 70 is Denied

71.     Paragraph 71 is Denied**.**

**COUNT VI**
**MALICIOUS PROSECUTION AGAINST UNITED STATES,**
**THE GILCHRIST COUNTY SHERIFF, AND DEPUTY CARLISLE**

72. Paragraph 72 incorporates prior allegations.  Prior responses are

incorporated.

73.     Paragraph 73 is denied.

74.      Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is admitted except it is denied that there was insufficient evidence to

prosecute  Dr. Nguyen as that allegation states a legal conclusion.

6

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff s' Third Amended Complaint.

### SECOND DEFENSE

Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' Third Amended Complaint is barred by the applicable statute of limitations.

### FOURTH DEFENSE

The UNITED STATES is entitled  to  the  qualified official immunity of DEA Diversion Investigator Robert Yakubec to the allegations of the Third Amended Complaint as he was acting at all pertinent times in his official capacity with the DEA , and in his  discretionary authority.

### FIFTH DEFENSE

The UNITED STATES is entitled  to the quasi-judicial and/or quasi-prosecutorial absolute immunity of DEA Diversion Inspector Robert B. Yakubec to the allegations of the Third Amended Complaint as he was acting at all pertinent times in his official capacity as a DEA Diversion Investigator, and in his  discretionary authority.  DR.  NGUYEN"S arrest and prosecution were based upon the issuance of a facially valid  warrant.

### SIXTH DEFENSE

The UNITED STATES is entitled to the applicatio of the discretionary function defense of 28 U.S.C. § 2680(a).

## SEVENTH DEFENSE

The arrest and detention of DR. NGUYEN was privileged as it was based upon probable cause as a matter of fact and law.

## EIGHTH DEFENSE

As the arrest and detention of DR. NGUYEN was based upon a facially valid warrant, they cannot be "False", by definition.

## NINTH DEFENSE

DEA Diversion Investigator Robert Yakubec was not a "federal law enforcement officer within the meaning of 28 U.S.C. § 2680(h).

## TENTH DEFENSE

Plaintiff DR. NYUGEN freely and voluntarily surrendered his DEA controlled substances certificate to DEA Diversion Investigator Robert Yakubec who was acting in his official capacity , and thus he has waived any claims related thereto.

## ELEVENTH DEFENSE

Any claims by DR. NGUYEN relating to his surrender of his DEA certificate for prescribing controlled substances is *de minimis*.

## TWELFTH DEFENSE

Plaintiffs' Dr. Andrews Nguyen, M.D., P.A., a Florida professional association, and Linh Nguyen, lack standing to assert a claim herein.

## THIRTEENTH DEFENSE

The UNITED STATES is entitled to any damage cap to which the State of Florida, its agents,

employees and officers are entitled to.

WHEREFOR, Defendant, the UNITED STATES OF AMERICA,  prays that this Answer be deemed sufficient and that all Plaintiffs' claims against it be dismissed with costs and attorneys fees.  The UNITED STATES OF AMERICA also prays for such other relief in law and equity to which it may be entitled.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney


/S/ROY F. BLONDEAU, JR.
ROY F. BLONDEAU, JR.
Assistant U. S. Attorney
Florida Bar 210013
111 North Adams Street, 4th Floor
Tallahassee, Florida 32301
(850)942-8430

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by the Court's  ECF Mailing System this 29th day of September, 2005, to the following:

Robert A. Rush, Esq.              Mitchell Feldman, Esq.
726 N.E. First Street            Silver, Levy & Feldman, P.A.
Gainesville, Florida 32601       1408 North Westshore Blvd., Ste. 806
Attorney for Plaintiffs          Tampa, Florida 33607
                                 Attorneys for FAHA

9

John W. Jolly, Jr., Esq.                     Robert B. Buchanan, Esq.
Jolly, Peterson & Cherr, P.A.                Renee E. Thompson, Esq.
Post Office Box 37400                        Siboni, Hamer & Buchanan, P.A.
Tallahassee, Florida 32315                   307 N.W. Third Street
Attorneys for Kenneth Carlisle               Ocala, Florida 34475
and David Turner                             Attorneys for William Schauer

                          /S/ROY F. BLONDEAU, JR.
                          ROY F. BLONDEAU, JR.
                          Assistant United States Attorney