IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANDREW NGUYEN, M.D., an individual,
ANDREW NGUYEN, M.D., P.A.,
A Florida Professional Association,

    Plaintiffs,

v.                                                                                                  CASE NO. 1:04-cv-00026-MP-AK

DAVID P. TURNER, in his official capacity
as Sheriff of Gilchrist County, Florida, and the
Estate of KENNETH H. CARLISLE, individually,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 124, Defendant Carlisle's Motion to Dismiss for failure to substitute a proper party, and Doc. 160, Defendants David Turner And Kenneth Carlisle's Motion in Limine to exclude all evidence of damages to Andrew Nguyen MD PA. The Plaintiffs have responded to both motions.

Defendant filed a Motion to Dismiss (Doc. 124) requesting that this case be dismissed because (1) Plaintiffs had not moved to substitute a party for the deceased defendant Kenneth H. Carlisle (Carlisle) and (2) Plaintiffs had allegedly violated a court order by filing a Third Amended Complaint that contained a procedural defect. (Doc.124 at 1-2). As discussed more fully below, both arguments should be rejected.

First, with regard to the substitution issue, Co-defendant Carlisle, a deputy sheriff for Gilchrist County, died on May 26, 2005. On July 1, 2005, Carlisle's attorney filed a Suggestion of Death. (Doc. 108-1). Then, on September 2, 2005, this Court entered an order (Doc. 118) giving the parties ninety days to file a motion for substitution before the action would be

dismissed. On September 28, 2005, Plaintiffs filed their Motion to Substitute Party Defendant and Supporting Memorandum of Law. (Doc. 125-1). Plaintiffs' motion was filed well within the ninety day window granted by the Court. Therefore, the Court declines to dismiss Plaintiffs' complaint for failure to substitute a proper party.

Turning to the issue regarding the Third Amended Complaint, on September 1, 2005 this Court entered an order allowing Plaintiffs to file a Third Amended Complaint and mandating that it "must not violate Rule 10(b) by incorporating by reference *prior counts.*" (Doc. 118) (emphasis added). September 15, 2005, Plaintiffs filed their Third Amended Complaint. (Doc. 121). While Defendant Carlisle is correct that in Plaintiffs' complaint "each of the specifically enumerated counts incorporates *prior allegations,*" (Doc. 124 at 2) (emphasis added), this is not "contrary to the specific instructions of the Court." (Doc. 124 at 12). The Court's order specifically mandated that Plaintiffs not incorporate all of Count I into the subsequent counts. (Doc. 118 at 8-9). Plaintiff's Third Amended Complaint merely incorporates the general factual allegations into each and every count. Thus, Plaintiffs' Third Amended Complaint is in compliance with this Courts order.

The Defendants' motion in limine should also be denied. Defendants filed a Motion in Limine (Doc. 160) on June 8, 2006, requesting exclusion of any testimony or evidence regarding any and all damages to Andrew Nguyen MD PA. The thrust of the defendants' argument is that such evidence must be excluded because a shareholder or officer cannot maintain an action to redress an injury to the corporation.

On September 2, 2005, this Court entered an order (Doc. 118) where it addressed the issue of whether Andrew Nguyen MD PA had standing to sue as a plaintiff in this case. In its

order the Court stated the following:

> [T]he Court finds that the P.A. in the instant case has standing to bring a suit on its own behalf for losses it directly suffered based on civil rights violations suffered by Dr. Nguyen. It is not disputed that Dr. Nguyen was the P.A.'s only member and its only asset. He was the only person that generated revenue for the association. When he was falsely arrested by the Defendants, as the P.A. alleges, the P.A. itself suffered a real and concrete financial loss. This loss can be alleviated by an award of damages. Thus, the injury to the P.A. is concrete, particularized, not hypothetical, can be traced to the alleged action of the defendants, and could be redressed if the P.A. received a favorable verdict. Therefore, the P.A. has traditional standing to protect its own interests.

(Doc. 118 at 4).

Despite this Court's order, the Defendants claim, "Plaintiff, as the sole shareholder of the professional association, is seeking to recover damages to the professional association resulting from his arrest on March 23, 2000." (Doc. 160 at 2). Andrew Nguyen MD PA, the professional association, is properly named as a plaintiff in this case.  Thus, it is the professional association itself, not Nguyen as a shareholder, which is seeking to recover damages to the professional association.

Defendants further assert that "[t]he only damages the Plaintiff has alleged were suffered by himself in an individual capacity." (Doc. 160 at 3).  However, in paragraph 44 of their Third Amended Complaint (Doc. 121) Plaintiffs aver:

> As a direct and proximate result of the actions of the UNITED STATES, by and through DEA Agent Yakubec and the Gilchrist County Sheriff, by and through Deputy CARLISLE, *the P.A.* lost income, revenues, clients, and injury to its professional reputation and other lawful damages then and continuing into the future.

(Doc. 121 at 11) (emphasis added).  Paragraph 51 of Plaintiff's Third Amended Complaint states:

> As a direct and proximate result of the actions of Gilchrist County Sheriff TURNER, *the P.A.* lost income, revenues, clients, and injury to its professional

reputation and other lawful damages then and continuing into the future.

(Doc. 121 at 13) (emphasis added). In paragraph 60 of their Third Amended Complaint Plaintiffs allege:

> As a direct and proximate result of the actions of the UNITED STATES, by and through the DEA and DEA Agent Yakubec, *the P.A.* lost income, revenues, clients, and injury to its professional reputation and other lawful damages then and continuing into the future.

(Doc. 121 at 15) (emphasis added). In paragraph 65 of their Third Amended Complaint Plaintiffs claim:

> As a direct and proximate result of the actions of Deputy CARLISLE, *the P.A.* lost income, revenues, clients, and injury to its professional reputation and other lawful damages then and continuing into the future.

(Doc. 121 at 16) (emphasis added). Paragraph 71 of Plaintiff's Third Amended Complaint states:

> As a direct and proximate result of the actions of the UNITED STATES, by and through DEA Agent Yakubec and Deputy CARLISLE, *the P.A.* lost income, revenues, clients, and injury to its professional reputation and other lawful damages then and continuing into the future.

(Doc. 121 at 18-19) (emphasis added). In paragraph 81 of their Third Amended Complaint Plaintiffs allege:

> As a direct and proximate result of the actions of the UNITED STATES, by and through DEA Agent Yakubec and the Gilchrist County Sheriff, by and through Deputy CARLISLE, *the P.A.* lost income, revenues, clients, and injury to its professional reputation and other lawful damages then and continuing into the future.

(Doc. 121 at 21) (emphasis added). Thus, despite the Defendants' claims to the contrary the Plaintiffs have alleged not only once but six times in their Third Amended Complaint that the professional association suffered damages.

Further, all of the case law Defendants cite in support of their motion address a

shareholder attempting to sue for injuries to the corporation. (Doc. 160 at 2-5). The instant case is quite different. Here Nguyen, when acting as a shareholder, is suing for injuries sustained not by the professional association but by himself. On the other hand, damages allegedly incurred by the professional association are being addressed by the professional association itself as a co-plaintiff in this case – a co-plaintiff which by order of this Court has standing to sue for its own losses. For the foregoing reasons the Court denies Defendants David Turner And Kenneth Carlisle's Motion in Limine to exclude all evidence of damages to Andrew Nguyen MD PA.

Finally, some uncertainty has arisen concerning the starting date of this trial. Previously, in an order at doc. 168, the Court set the matter for trial on Monday, September 18, 2006. Then, on August 22, 2006, the Court held a teleconference and the parties agreed to begin the trial on Tuesday, September 19, 2006. The trial was still set, however, for Monday, September 18, 2006, on the electronic docket sheet. A teleconference was therefore held on Thursday, September 14, 2006. As stated during the teleconference, the trial shall begin Tuesday, September 19, 2006. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Carlisle's Motion to Dismiss (doc. 124) is denied.

2. Defendants David Turner And Kenneth Carlisle's Motion in Limine (doc. 160) is denied.

3. The trial in this cause is hereby reset for Tuesday, September 19, 2006, with the attorney's conference at 12:30 p.m. and jury selection beginning immediately thereafter.

**DONE AND ORDERED** this  *14th*   day of September, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge